UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN, | No. 2:25-cv-0235 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RAECHELLE PRESCOTT-MARTIN, | |
| Defendant. | |

Plaintiff is a county prisoner proceeding pro se who has not yet submitted an application to proceed in forma pauperis in this case or paid the required filing fee of $350.00 plus the $52.00 administrative fee. However, for the reasons explained below, plaintiff will not be given the opportunity to submit an application to proceed in forma pauperis because he has accrued at least three strikes under 28 U.S.C. § 1915(g) and he has not shown that he is under imminent danger of serious physical injury. Instead, the court will recommend that plaintiff be required to pay the $402.00 in required fees or suffer dismissal of the complaint.

I.   Three Strikes Analysis

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

////

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

"[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  Dismissal counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff has led to the identification of at least four cases that qualify as strikes.  The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Spearman v. B-Side Bar, No. 2:21-cv-1216 KJM DMC (case dismissed on April 12, 2023, for failure to state a claim (ECF No. 12));
2. Spearman v. Towing, No. 2:21-cv-1288 KJM JDP (case dismissed as frivolous on June 28, 2022, for failure to state a claim (ECF No. 8));

////

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3. <u>Spearman v. Sacramento County</u>, No. 2:21-cv-1289 TLN JDP (case dismissed on July 25, 2022, for failure to state a claim (ECF No. 11)); and

4. <u>Spearman v. Hillberg</u>, No. 23-cv-0093 DJC DMC (complaint dismissed with leave to amend for failure to state a claim (ECF No. 11), case dismissed on August 1, 2024, for failure to file an amended complaint (ECF No. 13)).

All of the preceding cases were dismissed well in advance of the January 14, 2025 constructive filing of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." <u>Ray v. Lara</u>, 31 F.4th 692, 695 (9th Cir. 2022).

The complaint alleges misconduct by defendant in administering plaintiff's grandmother's estate. ECF No. 1. There are no allegations that would demonstrate an imminent risk of serious physical injury at the time of filing, and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.     <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

////

    IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face dismissal of the case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2025

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE