UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN,<br><br>Plaintiff,<br><br>v.<br><br>RAECHELLE PRESCOTT-MARTIN,<br><br>Defendant. | No. 2:25-cv-00235-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 3, 6) |

Plaintiff Reginald Edward Spearman is a county jail inmate proceeding *pro se* in this civil action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 23, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face dismissal of this action. (Doc. No. 3 at 4.) Specifically, the magistrate judge concluded that plaintiff had previously filed three actions that were dismissed as frivolous, malicious, or for failing to state a claim, and his complaint in this action does not demonstrate that he was under imminent danger of serious physical injury at the time of filing the complaint. (*Id.* at 2–3.) Under these circumstances, the Prison Litigation Reform Act of 1995 (PLRA) does not permit the plaintiff to proceed *in forma pauperis*. (*Id.* at 1–2.) The magistrate judge therefore

1

1    concluded that plaintiff should not be given an opportunity to file a motion to proceed *in forma*
2    *pauperis*. (Doc. No. 3 at 1.)
3        The pending findings and recommendations were served on the parties and contained
4    notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at
5    4.) On January 6, 2026, plaintiff filed objections to the findings and recommendations and a
6    motion to proceed *in forma pauperis*. (Doc. Nos. 5, 6.)
7        In those objections plaintiff argues that he is impoverished, and that to deny him *in forma*
8    *pauperis* status would be to deny him the equal benefit of all laws. (Doc. No. 5 at 1.)
9    Additionally, plaintiff notes that each of the prior complaints in question he has filed was brought
10   *pro se* and he is to be held to a less stringent standard in light of that status. (*Id.* at 1–2.) Finally,
11   plaintiff contends that to require payment of the filing fee in this case would deprive plaintiff of
12   equal protection based on his indigent class. (*Id.* at 2.)
13       However, none of these arguments advanced by plaintiff in his objections constitute
14   exceptions to the three strikes provision of the PLRA. *See* 28 U.S.C. § 1915(g). Additionally, the
15   Ninth Circuit has held that "indigent prisoners are not a suspect class" and "where a fundamental
16   interest is not at stake, § 1915(g) does not infringe upon an inmate's meaningful access to the
17   courts." *Rodriguez v. Cook*, 169 F.3d 1176, 1179–80 (9th Cir. 1999) (rejecting equal protection
18   challenge to § 1915(g)). As noted by the Ninth Circuit, "[t]he Supreme Court has specifically
19   required the waiver of filing fees for indigent persons who are challenging termination of their
20   parental rights, . . . or seeking a divorce." *Id.* at 1180. Since no fundamental interest is at stake
21   here, where plaintiff alleges misconduct by defendant in administering plaintiff's grandmother's
22   estate, requiring that the filing fee be paid in order to proceed does not infringe upon plaintiff's
23   meaningful access to the courts. (Doc. No. 1.)
24       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
25   *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's
26   objections, the court concludes that the findings and recommendations are supported by the
27   record and by proper analysis.
28   /////

For the reasons explained above:

1. The findings and recommendations issued on January 23, 2025 (Doc. No. 3) are ADOPTED IN FULL;

2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 6) is DENIED; and

3. Plaintiff is ordered to pay the entire $405.00 in required fees within thirty days of the date of entry of this order. Failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **October 31, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3